UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
OCT 27 2003
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| BECKHAM S. PRATHER, JR., ) | |
| ) | |
| Defendant-Appellant. ) | |
| ) | |
| RHONDA LOWRY, et al., ) | |
| ) | |
| Defendants. ) | |

INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # 00-982

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.
This notice is to be prominently displayed if this decision is reproduced.

Before: KENNEDY and GIBBONS, Circuit Judges; ALDRICH, District Judge.*

Beckham S. Prather, Jr., an Ohio resident proceeding pro se, appeals the summary judgment for the Government in this tax suit brought under 26 U.S.C. §§ 7401 and 7403 of the Internal Revenue Code. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

The Government brought this action in the United States District Court for the Southern District of Ohio against Prather individually and as trustee of B.S.P. Holding Trust ("B.S.P."), Rhonda Lowry, individually and as trustee of B.S.P., Paula Reeder, P. A. Powers, Somer Jackson, Clermont County Treasurer, and Brown County Treasurer. The action sought 1) to reduce to judgment unpaid federal income taxes, interest and penalties assessed against Prather for the tax years 1988 through 1993; 2) to establish that B.S.P. was holding certain real properties as the

---

*The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

nominee or alter ego of Prather or, alternatively, that Prather's transfer of the properties to the trust was fraudulent; 3) to declare that the Government had valid tax liens on the properties; and 4) to foreclose those liens against the property.

Defendant Powers filed a disclaimer of interest in the property and was voluntarily dismissed from the case on April 4, 2001. On May 25, 2001, the district court issued a default judgment against defendants Lowry, Reeder and Jackson for failure to plead.

Thereafter, the Government filed its motion for summary judgment. The matter was referred to a magistrate judge who issued a report recommending that summary judgment be granted for the Government. Noting that Prather failed to file specific objections to the magistrate judge's report and recommendation after being specifically advised to do so, the district court adopted the report and recommendation as the opinion of the court. The judgment was entered November 19, 2002. Thereafter, the Government filed a motion to correct the judgment pursuant to Fed. R. Civ. P. 60(a). The judgment was amended on January 7, 2003. Reconsideration was denied. This timely appeal followed.

Prather failed to object specifically to the magistrate judge's report and recommendation. This circuit has ruled that a party waives its right to appeal an issue to the court of appeals if it fails to object to the magistrate judge's recommendation and report within ten days of the filing of the report so long as the report informed the party of the effect of such failure. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). This court has extended this rule to generalized objections. *See Howard v. Sec. of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Although Prather filed a document styled "Objection" in response to the report and recommendation, he did not raise specific objections to any part of the report and recommendation.

He failed to identify any issue for the district court to consider. Therefore, he has waived his right to appeal the district court's judgment.

     Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

                        ENTERED BY ORDER OF THE COURT

                        _____
                                       Clerk

Case 1:00-cv-00982-SSB-TSH    Document 63    Filed 10/27/2003    Page 3 of 3